UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SARAH LEYLA POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:25-cv-00641-JAW |
| | ) |
| ADRIAN MAURICE POWELL JR., | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

The court denies the respondent's motion for summary judgment in this Hague Convention case because there are genuine issues of material fact that preclude judgment as a matter of law, including whether the respondent wrongfully retained the children and, if so, when.

**I.      INTRODUCTION**

This is an international custody dispute between a German mother and an American father over two minor children under the Hague Convention on the Civil Aspects of Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the Hague Convention), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011 (formerly 42 U.S.C. §§ 11601 *et seq*.).  In this dispute, the mother petitions this Court for an order allowing her to return to Germany with her two her children and for enforcement of the custody order of a German court.  *Verified Pet. for Return of Children to Germany and for Issuance of Show Cause Order* (ECF No. 1) (*Pet.*).  On January 22-23, 2026, the Court held an evidentiary hearing on an

expedited basis consistent with the Hague Convention requirements. *Min. Entry* (ECF Nos. 50, 52). The father, seeking judgment in his favor and against the mother, moved for summary judgment after the hearing had been set but before the hearing had been held. *Resp't's Mot. for Summ. J.* (ECF No. 30) (*Resp't's Mot.*; RSMF).

Given the immediacy of the evidentiary hearing and the apparent factual controversies between the parties, the Court suggested to the father that the hearing would be the preferred way to handle the dispute, but the father objected to dismissing the motion for summary judgment and demanded a ruling. *Min. Entry* (ECF No. 33). The Court expedited the mother's response, and the father waived reply. *Id.* At the opening of the evidentiary hearing before the Court, the Court orally denied the father's motion for summary judgment because he had failed to show there are no genuine disputes as to any material facts and therefore he is not entitled to judgment as a matter of law. *Min. Entry* (ECF No. 50). This order provides the Court's reasoning.

## II.  PROCEDURAL HISTORY

On December 22, 2025 Petitioner Sarah Leyla Powell filed her verified petition pursuant to the Hague Convention directing the return of her two minor children (the Children), N.P. and Z.P. to Germany, *Pet.*, along with her motion for expedited consideration of the petition and the issuance of an order to show cause against the Respondent, Adrian Maurice Powell Jr. *See Mot. for Expedited Consideration of Verified Pet. for Return of Children to Germany and Issuance of Show Cause Order* (ECF No. 3). The Petitioner alleges that the Respondent unlawfully kept the

2

Children in the United States. *Pet.* ¶ 52. The Petitioner attached to her verified petition a Custody Power of Attorney dated November 18, 2021, *Pet.*, Attach. 1, *Custody Power of Att'y*, a Divorce Agreement recorded September 6, 2023, *Pet.*, Attach. 2, *Divorce Agreement*, and a Decision of the Mannheim Local Court, Family Court, dated May 16, 2024, *Pet.*, Attach. 3, *Decision*, all under German law. Based on those German court documents before August 2024, when the Children came to the United States, the Petitioner had sole custody of the Children.

On December 23, 2025, the Court issued a temporary restraining order, preventing the Respondent from removing the Children from the Court's jurisdiction and directing the Respondent to relinquish the Children's passports. *TRO* (ECF No. 5).[1]

The Court held a telephonic conference of counsel on this matter on January 9, 2026 at 3:30 p.m. EST. *Min. Entry* (ECF No. 14), and scheduled an expedited evidentiary hearing for January 22-23, 2026 in federal court in Portland, Maine. *Id.* Following the telephone conference, the Court issued a report of conference and scheduling order outlining deadlines for the evidentiary hearing on the verified petition, staying any state court proceedings, and directing the parties to notify that state court that its proceedings have been stayed. *Report of Conf. and Scheduling Order* (ECF No. 16).

---

[1] The Court takes judicial notice of the fact that on January 21, 2026, the Respondent complied with this order and the Children's passports are now retained by the Court. *Receipt for Surrender of Passports* (ECF No. 48).

3

On January 16, 2026, the Petitioner filed her trial brief. *Pet'r's Pre-Hearing Brief* (ECF No. 26). Also on January 16, 2026, the Respondent filed his answer, *Resp't's Answer and Affirmative Defenses* (ECF No. 27), his amended answer and counterclaim for reasonable attorney's fees and costs, *Resp't's Am. Answer, Affirmative Defenses, and Countercl.* (ECF No. 28), and his trial brief. *Resp't's Pre-Hearing Brief* (ECF No. 29). The Petitioner opposes Respondent's request for attorney's fees and costs given that ICARA only provides an award of fees to prevailing petitioners. *Answer to Countercl.* at 1, n.1 (ECF No. 31).

On January 17, 2026, after the Court scheduled the expedited evidentiary hearing consistent with the Hague Convention requirements, the Respondent filed a motion for summary judgment, seeking summary judgment against the Petitioner's verified petition and listing the Respondent's statement of material fact. *Resp't's Mot.*; RSMF. As noted earlier, on January 20, 2026, the Court held a telephone conference with the parties and explained that the evidentiary hearing would be the preferred way to handle the dispute, but the Respondent objected to dismissal of the motion for summary judgment and the Court expedited the Petitioner's response. *Min. Entry* (ECF No. 33). The Respondent waived reply. *Id.*

Accordingly, on January 20, 2026, the Petitioner filed her opposition, *Pet'r's Obj. to Mot. for Summ. J.* (ECF No. 36) (*Pet'r's Opp'n*), and an opposing statement of fact with additional facts. *Opposing Statement of Material Facts and Statement of Additional Material Facts* (ECF No. 37) (PRRSMF; PSAMF). On the first day of the evidentiary hearing, the Court orally denied the Respondent's motion for summary

4

judgment.  *Min. Entry* (ECF No. 50).  This written order provides the Court's reasoning.

## III. STATEMENT OF FACTS

### A. The Motion for Summary Judgment and the Local Rule

The United States District Court for the District of Maine promulgated a local rule controlling the filing of motions for summary judgment and specifically statements of material fact.  D. ME. LOC. R. 56.  Regarding statements of material fact, the Rule requires the proponent to file a statement of material facts "as to which the moving party contends there is no genuine issue of material fact to be tried."  D. ME. LOC. R. 56(b)(1).  The Respondent incorporated a statement of material facts in his motion.[2]  *Resp't's Mot.* at 2-3.  On January 20, 2026, the Petitioner filed her response to the Respondent's statement of material facts in accordance with Local Rule 56(c)(1) and presented a separately titled statement of additional material facts.  PRRSMF; PSAMF.  At the January 20, 2026 telephone conference with the Court, the Respondent waived the right to file a reply to the Petitioner's opposition to his motion.  *Min. Entry* (ECF No. 33).  Thus, the Respondent did not file any reply statement of material fact pursuant to Local Rule 56(d).

Local Rule 56(g)(1) sets forth the effect of a party's failure to respond to an opposing party's statement of material facts:

---

[2]   Technically, this is a violation of the Local Rule, because it requires that the statements of material facts be "supported by a separate, short, and concise statement of materials facts."  D. ME. LOC. R. 56(b)(1).  However, the Petitioner responded, and the Court has treated the incorporated statement as if filed separately.

5

>Facts in a supporting or opposing statement of material facts, if supported by record citations, will be deemed admitted unless properly controverted.

D. ME. LOC. R. 56(g)(1). The Respondent's decision not to reply to the Petitioner's statement of additional material facts requires the Court to accept as asserted each of the Petitioner's additional facts, so long as they were properly submitted. *Fox v. Makin*, No. 2:22-cv-00251-JAW, 2025 U.S. Dist. LEXIS 224080, at *12-14 (D. Me. Nov. 14, 2025); *Woods v. Barnies*, No. 2:21-cv-00364-GZS, 2023 U.S. Dist. LEXIS 176645, at *4 (D. Me. Oct. 2, 2023). Although it is not impossible to prevail in a motion for summary judgment where the movant fails to respond to the non-movant's statement of additional material facts, it is more difficult to do so. *See Almodovar v. Wilkie*, No. 1:19-cv-166-LEW, 2020 U.S. Dist. LEXIS 240747, at *26-27 (D. Me. Dec. 22, 2020) ("Given the evidentiary presentation, which includes an admission by dint of his failure to file a proper responsive statement of material fact, Plaintiff has failed to raise a genuine issue of fact that his engagement in protected activity influenced his non-selection").

### B.     Statement of Facts

In August of 2024, the Petitioner consented for the Children to travel from Germany to the United States so they could enroll in school in Maine. RSMF ¶ 2; PRRSMF ¶ 2. The Petitioner alleges that she intended to return to Germany with the Children after she completed her education. RSMF ¶ 3; PRRSMF ¶ 3.[3] The

---

[3]     The Respondent's paragraph four states that the Petitioner reiterated to him after February 8, 2025 that "this [the children residing in the US] was only agreed upon for the time I am in school, see visa paperwork." *RSPM* ¶ 4. The Petitioner objected to this paragraph because the exhibit supporting the statement was not attached to the Respondent's statement of material facts. The Court

6

Respondent promised the Petitioner that he would return the Children's passports to her when she arrived in the United States. PSAMF ¶ 1.

Before the Petitioner arrived in the United States, the Respondent also promised to support the Petitioner and the Children by paying for the Petitioner's education and her housing in an apartment by herself as well as providing her with a car for transportation and an allowance of $500 per week. PSAMF ¶¶ 3-4. The Petitioner could not afford to pay for school, or to live in the United States because the F-1 student visa severely restricted her ability to work and earn wages. *Id.* ¶ 5.

In December of 2024, the Petitioner traveled from Germany to the United States and then began classes at York Community College in January 2025. RSMF ¶ 5; PRRSMF ¶ 5. The Petitioner alleges that she intended to go back to Germany with the Children after the Petitioner finished her own education. RSMF ¶ 3; PRRSMF ¶ 3.

The Petitioner alleges that the Respondent's wrongful date of retention began on February 8, 2025 and continues. RSMF ¶ 1; PRRSMF ¶ 1.[4] On February 8, 2025, the Petitioner demanded the return of the Children's passports and told the Respondent that she would return to Germany with the Children, but the Respondent

---

sustains the Petitioner's objection. *See* D. ME. LOC. R. 56(b)(1) ("Each fact asserted in the statement . . . must be supported by a record citation as required by subsection (f)"); D. ME. LOC. R. 56(f) ("An assertion of fact in a statement of material facts must be followed by a citation to the specific page or paragraph of identified record material supporting the assertion").

[4]     The Respondent's paragraph one states that the Petitioner alleges the date of wrongful detention is February 8, 2025. RSMF ¶ 1. The Petitioner interposed a qualified response, noting that she contends that the wrongful detention began on February 8, 2025 and continues. PRRSMF ¶ 1. As the Court is required to view disputed facts in a light most favorable to the non-movant, the Court has included the Petitioner's qualification.

refused to return the passports and subsequently declared that he wanted the Petitioner to return to Germany and leave the Children with him. PSAMF ¶¶ 10-12. The Petitioner would have withdrawn from York Community College and returned to Germany in February 2025 if the Respondent had given back the Children's passports to her. PSAMF ¶ 2.

Also as of February 8, 2025, the Respondent informed the Petitioner that he was not bound by his declarations of support, he reduced her allowance from a weekly to a twice per month payment of $500, and the Respondent and his now wife urged the Petitioner to get a job, in violation of her visa status, and informed her that she would need to get roommates or student housing. PSAMF ¶¶ 6-9. As of February 8, 2025, the Petitioner remained enrolled in and continued to attend college classes, and she still had housing, transportation, and a regular financial allowance. RSMF ¶¶ 6-7; PRRSMF ¶ 6-7.[5]

The Respondent has since cut off all housing and education payments. PSAMF ¶ 14. The Petitioner feared being separated from her children and had to remain in school or lose her visa status, but she does not have resources to stay in the United States so she will soon be unenrolled and forced to leave the country. PSAMF ¶¶ 13,

---

[5] The Respondent claims that "Petitioner reiterated her commitment to her US school in March 17, 2025." RSMF ¶ 8. Petitioner objected to this paragraph because the exhibit supporting the statement was not attached to the Respondent's statement of material facts. PRRSMF ¶ 8. The Court sustains the Petitioner's objection. *See* D. ME. LOC. R. 56(b)(1) ("Each fact asserted in the statement . . . must be supported by a record citation as required by subsection (f)"); D. ME. LOC. R. 56(f) ("An assertion of fact in a statement of material facts must be followed by a citation to the specific page or paragraph of identified record material supporting the assertion").

15-17.[6] The Petitioner did not consent to remaining in the United States or to have her access to the Children restricted by the Respondent. PSAMF ¶ 18.

## IV. THE PARTIES' POSITIONS

### A. The Respondent's Motion for Summary Judgment

The Respondent argues that he and the Petitioner agreed that the Children would live in the United States at least until the Petitioner completed her education. *Resp't's Mot.* at 4. According to the Respondent, the Petitioner's claim for wrongful retention is not possible given that she had not completed her education by February 8, 2025, the alleged date of wrongful retention. *Id.* at 5. The Respondent also argues "that the date of wrongful retention can only be one day and cannot be continuing" and so there was no wrongful retention as of February 8, 2025 because the "Petitioner had her tuition paid, she had housing, transportation, and a regular financial allowance." *Id.* at 7.

### B. The Petitioners Opposition

The Petitioner argues that the issues the Respondent raised—"that he did not wrongfully retain the children in the United States," "an agreement of the parties, and the intentions of the parties"—"are factual issues in dispute which require an evaluation of witness testimony and determinations of credibility." *Pet'r's Opp'n* at 1.

---

[6] Several additional facts appear to use "Respondent" where "Petitioner" should be the proper subject, given context and use of pronouns. *See* id. ¶¶ 15-17. The Court takes the Petitioner to be referring to herself in these paragraphs, despite writing "Respondent."

9

## V.  LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (quoting *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)).

When the movant "has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must 'produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'" *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). The nonmoving party must provide "'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002) (quoting *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1116 (1st Cir. 1993)). Then, a "court views the facts and draws all reasonable inferences in favor of the nonmoving party," *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011), disregarding "[c]onclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 38 (1st Cir. 2018) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)).

## VI.  DISCUSSION

In his dispositive motion, the Respondent cites *Toren v. Toren*, 191 F.3d 23 (1st Cir. 1999) for the proposition that a district court faced with a Hague Convention case must make a "threshold determination" as to "whether there had been any retention of the children at all." *Rep't's Mot.* at 3 (quoting *Toren*, 191 F.3d at 27). Noting that the Petitioner and the Respondent had agreed that the Children would remain in the United States until at least when the Petitioner completed her education, the Respondent says that the Petitioner cannot prove any retention of the Children under *Toren* and her petition must be dismissed. The Respondent supports his position by noting that as of February 8, 2025, the Petitioner had not completed her education and that her unilateral retraction of the agreement did not create a retention. *Id.* Moreover, the Respondent points to February 8, 2025 as the critical date, arguing that for purposes of the Hague Convention retention of a child "is a singular and not a continuing act." *Id.* at 5 (quoting *Marks ex rel. SM v. Hochhauser*, 876 F.3d 416 (2d Cir. 2017)).[7]

The problem with the Respondent's argument is that the facts as set forth in the statements of material facts clearly reveal that there is a factual dispute as to whether the Respondent had retained the Children as of February 8, 2025. It is true that the Petitioner was enrolled in school as of February 8, 2025, and that the

---

[7] The Court accepts only for purposes of this order the Respondent's contention concerning whether a retention must be a singular as opposed to a continuous act. Respondent's citation is to a Second Circuit case, which may or may not be the law in the First Circuit. However, as the Court does not need to resolve this legal issue to rule on the pending motion, the Court accepts the Respondent's argument for purposes of the motion only.

11

Petitioner intended to remain in the United States until she completed her education. However, there was no agreement as to the point at which she would have completed her education.

What appears in the record is that on February 8, 2025, the Petitioner demanded that the Respondent return her Children's passports so that she could return to Germany. PSAMF ¶ 10. The Respondent refused to give the Petitioner the Children's passports, and he subsequently confirmed that he wanted her to return to Germany alone and leave the Children with him. *Id.* ¶¶ 11-12. The Petitioner also states that if the Respondent had returned the Children's passports to her in February 2025, she would have withdrawn from community college and returned to Germany with the Children. *Id.* ¶ 2.

The Court need go no further. In the context of a motion for summary judgment, the Court is obligated to view contested facts in the light most favorable to the non-movant, here the Petitioner. It is apparent that if the Court accepts the Petitioner's version of the events, as of February 8, 2025, the Respondent had retained the Children, had refused to turn over their passports to allow their return to Germany, and that the Petitioner would have returned to Germany with the children, if the Respondent had turned over the passports. For the Respondent to refuse to turn over the passports constitutes, in the Court's view, a retention under *Toren* that precludes granting summary judgment in favor of the Respondent.

The Court has now held a two-day evidentiary hearing and has listened to the testimony of both the Petitioner and the Respondent and has reviewed voluminous

exhibits. This decision, which is made under the constraints of the procedures and requirements of a motion for summary judgment, does not presage what the Court may determine once the matter is submitted to the Court on the merits.

The Court denies the Respondent's motion for summary judgment because the parties dispute genuine issues of material fact, which precludes summary judgment.

## VII. CONCLUSION

The Court DENIES Respondent Adrian Maurice Powell Jr.'s Motion for Summary Judgment (ECF No. 30).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2026